## FRANZ-MILTON COMPANY v. WILLIAM J. HALL.

Argued November 10, 1905—Decided November 13, 1905.

> If the party who has appealed from a judgment of a District Court fails to have the state of the case agreed upon or settled, and also fails to obtain a grant of further time therefor, within fifteen days after the judgment, his right to prosecute the appeal is at an end.

Motion to dismiss an appeal.

Before Justices DIXON, GARRISON and SWAYZE.

For the motion, *John T. Bird.*

*Contra, John H. Backes.*

The opinion of the court was delivered by

DIXON, J.   On September 28th, 1905, the District Court of Trenton rendered judgment for the defendant, and on October 7th the plaintiff gave notice of appeal and executed the necessary bond, which was approved by the judge of the court and filed.   On October 21st the judge, at the request of the plaintiff made after the rendition of judgment, reduced his findings of law and fact to writing and filed the same, and on November 6th he signed an order granting the plaintiff fifteen days thereafter, in which to have a state of the case agreed upon or settled.

The defendant now moves to dismiss the appeal, insisting that, after the lapse of fifteen days from the date of the judgment, the judge had no authority to extend the time for preparing the case on appeal.

We think this position of the defendant is correct.

The provisions of the act giving the right of appeal (*Pamph. L.* 1902, *p.* 565) are evidently intended to secure a speedy hearing, and in furtherance of that intent we think the third section should be held to mean that, if the appellant allows fifteen days to elapse after judgment without having the case agreed upon or settled and without obtaining from the judge an extension of time therefor, his right to prosecute the appeal is at an end.   *Proprietors* ads. *Jones, 7 Vroom* 206; 8 *Id.* 556.

The request of the plaintiff that the judge would put his findings in writing, although assented to by the judge, cannot be deemed an implied extension, because the grant of further time should be in writing and for a definite period, in order that the adverse party may be able to learn when the appeal is being duly prosecuted.

Perhaps the assent of the judge to write down and file his particular findings of fact and law might have been regarded as a postponement of the final rendition of judgment, but it was not so treated by either the judge or the appellant, and it would not now avail the appellant for us so to treat it, because the appellant did not give notice of appeal and enter

into bond within ten days after the findings were filed, or have a state of the case perfected or an order of extension signed within fifteen days after such filing.

The appeal must be dismissed.